UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE ROBERTO JUAREZ-LUCIO, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> J.E. EDDIE GUERRA, *et al.*, § <br> Defendants. § § § | CIV. ACTION NO. 7:23-cv-00127 |

## REPORT & RECOMMENDATION

Plaintiff, Jose Roberto Juarez-Lucio, a state prisoner proceeding *pro se*, filed his civil complaint under 42 U.S.C. § 1983 alleging a civil rights violation against the Hidalgo County Sheriff, the Lieutenant-in-Charge of the Hidalgo County Jail, and other unknown Hidalgo County jail guards or officials for failure to maintain the Plaintiff's safety and failure to provide adequate medical treatment while in custody at the Hidalgo County jail facility. *See* Dkt. No. 1. The case has been referred to the undersigned for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned granted Plaintiff's application to proceed *in forma pauperis* (IFP). (Dkt. No. 7.) After preliminary screening, the court ordered Plaintiff to submit a more definite statement on or before July 14, 2023. (Dkt. No. 10.) To date, Plaintiff has not complied with said Order. The Order for More Definite Statement was recently returned undeliverable. The court has not received any correspondence from Plaintiff since Plaintiff submitted Prisoner Trust Fund Account Statement in support of the application to proceed *in forma pauperis* on April 28, 2023 (Dkt. No. 6), including no update of Plaintiff's current address. Additionally, the Court has not yet received the required initial payment of the filing fee as part of the installment payments for being allowed to proceed *in forma pauperis*.

1

Based on this inactivity, the undersigned recommends that this case be **DISMISSED** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

On April 10, 2023, Plaintiff, an inmate in Hidalgo County Adult Detention Center proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against J.E. "Eddie" Guerra, Hidalgo County Sheriff; Jose Villareal, the Lieutenant-in-Charge of the Hidalgo County Jail; and "unknown" Hidalgo County jail guards or officials ("Defendants"). (Dkt. No. 1 at 3.)[1] Within the complaint, Plaintiff alleges that on or about March 3, 2022, inmates from "Gulf-3-B" "severely" and "aggressively" beat him, who then was in "Gulf-3-A." According to Plaintiff, the "Gulf-3-B" inmates managed to open the "rec-yard" door and struck him, as well as other inmates, with "hot-pots," and some unknown objects. Plaintiff claims that "extreme[ly] boiling water" in the "hot-pots" "badly" burned his arm, chest, and face. *See* Dkt. No. 1 at 4. The attack lasted about 10 minutes, during which period nearby jail officers took no action to stop the attack but just "stood" and "watched." (*Id.*) Plaintiff claims that five inmates, including himself, "were badly burned and beaten." (*Id.*) Afterwards, Plaintiff and four other injured inmates were taken to the infirmary department within the jail for screening and photographing. (*Id.*) Plaintiff asserts he was not "properly or adequately" treated for the injuries. (*Id.*) Plaintiff also claims that jail officers have not fixed the hinges or locks on the door between "Gulf-3-A" and "Gulf-3-B" since the attack, which exposed him to his attackers and subject him to "mental and emotional trauma." (*Id.*)

---

[1] Plaintiff's complaint was filed and time-stamped on April 12, 2023, with Clerk's Office. Nevertheless, Plaintiff's complaint would be considered "filed" on April 10, 2023 under the "mail-box" rule because Plaintiff certified his complaint on this date. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that *Pro se* prisoner's pleadings and submission are subject to the "mail-box" rule, which holds that a pleading is "filed" as of the date the prisoner certifies that he has placed it in the prison mail system in an envelope that is properly addressed to the court).

Plaintiff sought relief for declaratory judgment and monetary damages in the amount of 1.5 million dollars.[2] (*Id.*)

In filing this complaint, Petitioner utilized a standard form provided by the Administrative Office of the U.S. Courts, titled "Prisoner's Civil Rights (Rev. 07/2021)." (Dkt. No. 1.) Within the form, Plaintiff provided his place of confinement at the time of filing, which was Hidalgo County Adult Detention Center. (*Id.* at 1, 3.)[3] Within the section of "**CHANGE OF ADDRESS**," it expressly sets out it is Plaintiff's responsibility to inform the court of any change of address and such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and that failure to do so may result in the dismissal of his complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. (*Id* at 2) (emphasis original).

On May 2, 2023, the court issued an Order granting Plaintiff's motion to proceed IFP in connection with his prisoner's civil rights action pursuant to 42 U.S.C. § 1983.[4] Within the Order, the undersigned ordered Hidalgo County Detention Center to forward the Court an initial partial filing fee of $45 as soon as the funds were available in Plaintiff's account. (Dkt. No. 7 at 3.) The undersigned also ordered Plaintiff to notify the Court on or before June 2, 2023, if he decided not to proceed with this civil suit knowing that the payment would be required regardless of outcome.

---

[2] Under "RELIEF" section in the complaint, Plaintiff set out "[r]elief would include but not limit to [] a full and thorough investigation to depict all responsible inmates, officers, and medical assistants on duty and hold them responsible and liable for all injuries and pay compensation for all injuries and damages in the amount sum of $1.5 Million Dollars (One Million Five Hundred Thousand Dollars and Zero Cents)." (Dkt. No. 1 at 3.)

[3] For purposes of identification, all page numbers reference the pagination imprinted by the court's electronic filing system, CM/ECF.

[4] Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) was initially deficient under 28 U.S.C. § 1915(b). On April 12, 2023, the undersigned ordered Plaintiff to cure the deficiency by submitting his financial status, such as a copy of his inmate trust account. (Dkt. No. 3.) Following said order, Plaintiff submitted Prisoner Trust Fund Account Statement. (Dkt. No. 6.) Plaintiff's application was accordingly granted in the Order issued on May 2, 2023. (Dkt. No. 7.)

(*Id.*) Plaintiff was notified that the required payment would not prevent dismissal of his complaint provided he failed to state a claim upon which relief can be granted, or that he sought monetary relief from a defendant who was immune from such relief. Plaintiff was further notified that the entire filing fee would be required in spite of dismissal. (*Id.* at 4.) A docket entry noted said order has been delivered on May 3, 2023. To date, Plaintiff remains silent to this Order.

Within both April 12 Order (Dkt. No. 3) and May 2 Order (Dkt. No. 7), the court warned Plaintiff that notices of his civil suit were only going to be sent to address on file and that "Plaintiff must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary." (Dkt. Nos. 3 at 3, 7 at 4-5.) The court also admonished Plaintiff that failure to advise of any address change may be considered a failure to prosecute and may lead to dismissal of the case. (Dkt. Nos. 3 at 3, 7 at 5.)

The court screened Plaintiff's complaint pursuant to the Prison Litigation Reform Act (PLRA), which requires a court to review the claims and dismiss the case if complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(a) and (b), 1915(e)(2)(B). After screening of Plaintiff's complaint, the court issued an Order for More Definite Statement on June 15, 2023, instructing Plaintiff to submit more facts involved in his action by responding to five sets of factual questions listed in the Order. (Dkt. No. 10.) The court once again admonished Plaintiff to update the court with any change of address by filing a written notice with the Clerk; and the failure to do so may lead to dismissal of his claim per Rule 41(b) of Federal Rules of Civil Procedure. (*Id.* at 6.)

The Order for More Definite Statement was returned undeliverable on June 27, 2023. To date, the court has not received any correspondence or contact from Plaintiff or on Plaintiff's behalf.

## II. RELEVANT AUTHORITIES AND ANALYSIS

Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on motion by the opposing party. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). Under this inherent power, a court may dismiss a case for want of prosecution where a plaintiff fails to pursue his claims or comply with court orders. *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440-41 (5th Cir. 2016). While a court should be "appropriately lenient" with a party proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). "[T]he failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F.App'x 589, 593 n.1 (5th Cir. 2007).

In this matter, the Plaintiff has been aware, since the initial filing of his civil action, that he was responsible for providing the Clerk's Office notice of his current address per the standard form

he utilized to file the civil action. (Dkt. No. 1.) In said standard form of Plaintiff's complaint, the following is set out:

> **CHANGE OF ADDRESS**
>
> It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(*Id.* at 2.) Also set out on same page and immediately above the address-change section is the filing instruction of IFP, by which Plaintiff successfully filed his application; immediately below the address-change section is a list of questions concerning previous lawsuits, to which Plaintiff provided answers. Thus, it is reasonable to believe that Plaintiff reviewed this page and had a chance to read his duty to apprise the court of his current address.

"A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff has also been advised of his responsibility in multiple Orders that he must keep the Clerk's Office informed of any updated address. *See generally* Dkt. Nos. 3, 7, 10. Furthermore, the local rules also require a *pro se* litigant to keep the court abreast of any change of address. *See* LR 83.4 ("A lawyer or *pro se* litigant is responsible for keeping the clerk advised in writing of the current address.")

Despite warnings that his failure to advise the Clerk of any address change may be considered a failure to prosecute and may lead to dismissal of the case, Plaintiff failed to provide an updated address with the Clerk's Office and failed to respond to court orders. Such inactivity subjects his claims to dismissal for failure to prosecute.

A review of docket record reveals that the last document filed by Plaintiff was Prisoner Trust Fund Account Statement on April 28, 2023, over five months ago. Since that date, the court has received no communication from Plaintiff. Moreover, the court has yet to receive the initial payment to proceed in Plaintiff's civil action. *See Martin v. Pearson*, 405 F.App'x 859, 860 (5th Cir. 2010) (affirming the district court's judgment to dismiss petitioner's action because he failed pay the filing fee using legal tender in compliance with court orders).

Therefore, Plaintiff's failure to respond to the court's orders and failure to provide the court a current address force the court to conclude that Plaintiff lacks the requisite due diligence to pursue his case and that he has abandoned his claims. Because further warnings would be a futile gesture, dismissal for want of prosecution pursuant to Rule 41(b) is appropriate.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that this civil rights complaint filed by Plaintiff Jose Roberto Juarez-Lucio be **DISMISSED** without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings and legal conclusions accepted or adopted by the District Court, except on grounds of plain error. *See Douglas v. United*

*Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

**DONE** at McAllen, Texas on 27th day of September 2023.

_____
Juan F. Alanis
United States Magistrate Judge